FREDERICK HALL, Appellant, *v.* ADELINE CAMPBELL and Others, Respondents.

*Action of partition — when the complaint should be amended and a supplemental summons issue — Code of Civil Procedure, §§ 723 and 452.*

Where the plaintiff in an action of partition has commenced his action in good faith and has been regular in his practice, but without any fault on his part has omitted to make certain parties defendants, it is in furtherance of justice to grant his motion for leave to amend his complaint, and to issue a supplemental summons, and he is entitled to such relief under the provisions of sections 723 and 452 of the Code of Civil Procedure.

APPEAL by the plaintiff, Frederick Hall, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 19th day of December, 1893, denying the plaintiff's motion that one Ida Hall be brought in and made a party defendant; that a supplemental summons issue to her; that the names of certain defendants be dropped from the title of the action; that the complaint be amended, and that a supplemental complaint be served.

*Peter A. Stephens,* for the appellant.

*George W. Stedman,* for the respondents.

PUTNAM, J.:

This action was commenced on the 14th day of July, 1893, for the partition of certain real estate described in the complaint of which one Ozias Hall died seized. The plaintiff, one of the heirs of Ozias, made all the other heirs of said deceased parties defendant, they and said plaintiff appearing to be the only persons who had any interest in the land sought to be partitioned.

Plaintiff, in his complaint, alleged that Willis Hall and Sharon Hall, two of the defendants, were each seized of an undivided ninth part of the premises in question. In fact, prior to the commencement of the action, Willis had conveyed his interest therein to Sharon, so that Willis was an unnecessary party, and the interest of Sharon was two-ninths instead of one-ninth as alleged in the complaint. The deed from Willis to Sharon was not put on record

until after the commencement of the action and its existence was unknown to plaintiff.

The complaint also alleged that one George Hall, a son of said Ozias, died nearly three years before this action was commenced, intestate, leaving five children, who were made parties. In fact, however, said George left a will, which was admitted to probate on August 3, 1893, after the commencement of the action. In the will he bequeathed his interest in the real estate in question to his widow, Ida Hall, who was not a party and who at once commenced an action to partition said land, making the proper parties defendants. Plaintiff did not know of the existence of said will when he served his complaint. He moved to be allowed to serve an amended and supplemental summons and complaint in which the names of the said heirs of George Hall and the name of said Willis Hall shall be omitted as defendants and the name of Ida Hall inserted in the title thereof, and appropriate amendments made to the complaint showing the interest of Ida and said Sharon Hall in said premises. The motion was denied, and the plaintiff appeals.

It is impossible to find any fault with the procedure of the plaintiff. He made all the parties defendants who, when he commenced the action, appeared to have any interest in the premises. The mistake made was not due to any *laches* or neglect on his part. It arose from the fact that the deed from Willis to Sharon Hall had not been placed on record and that the will of George Hall had not been admitted to probate, although nearly three years had elapsed since his death. The mistake of plaintiff was unavoidable. He appears to have commenced his action in good faith and to have been regular in his practice, and having, without fault on his part, omitted to make Ida Hall a party defendant, I think it would have been "in furtherance of justice" to have granted his motion. Under the provisions of sections 723 and 452, Code of Civil Procedure, he was entitled to the relief he asked for.

The fact that Ida Hall had also commenced an action to procure the partition or sale of the same premises need not be now considered. The plaintiff's action was first commenced, and under the circumstances, he — having by a mistake not attributable to any want of care on his part, omitted a necessary party defendant — should have, under the provisions of the above-cited sections of the Code

of Civil Procedure, the amendment he asks for. When the amendment is made the court can properly determine whether or not the two actions shall proceed further, and if not, which action shall be stayed.

It is suggested by respondents that the parties are unable to defray the expenses of two partition actions. This expense could have been avoided had Ida Hall made an application under the provisions of section 452 (*supra*) to be made a party defendant in the first action. But, doubtless, the court on a proper application and when all the parties interested are before it, will make an order staying the further prosecution of one of the actions. (*Kimball et al.* v. *Mapes et al.*, 19 Wkly. Dig. 481; 98 N. Y. 629; *Burlingame* v. *Parce*, 12 Hun, 149; *McCarthy* v. *Peake*, 18 How. 138; *Dolbeer* v. *Stout*, 46 N. Y. St. Repr. 858; *N. Y., L. E. & W. R. R. Co.* v. *Robinson*, 15 id. 237.)

I think the order should be reversed, with costs and disbursements, and motion granted, without costs in the court below.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order of Special Term reversed, with costs and printing and other disbursements, and motion granted, without costs in the court below.